JOHNSON ELECTRIC SERVICE CO. v. POWERS REGULATOR CO.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

No. 426.

**1. PATENTS—INTERPRETATION—INFRINGEMENT.**
    In a patent for a heat regulator, the diagrams showed, and the specifications described, a bar designed to expand and contract with changes of temperature, and the patentee stated that the valves were actuated "by the direct utilization of the mechanical effects of the expansion or contraction of the substances of which the thermostat is composed." The claims included, as elements of the combination, "a thermostat and a double valve operated directly thereby," and "a thermostat whose free portion is moved by a change of temperature in the surrounding medium." *Held*, that the patent was not infringed by a device in which the thermostatic power was furnished by confined rhigolene, which changes from a liquid to a gaseous form, and back again, with variations of temperature.

**2. SAME—TEMPERATURE REGULATORS.**
    The Johnson patent, No. 314,027, for an improvement in "thermo-pneumatic temperature regulators," construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

This was a suit in equity by the Johnson Electric Service Company against the Powers Regulator Company for alleged infringement of a patent. The circuit court found that there was no infringement, and dismissed the bill for want of equity. See 81 Fed. 626, for the opinion of the circuit court, which contains a full description of the two devices. From this decree the complainant has appealed.

Robert S. Taylor, for appellant.

C. C. Linthicum and C. K. Offield, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

PER CURIAM. We concur in the opinion and conclusion of the court below, as reported in 81 Fed. 626, that letters patent of the United States No. 314,027, for improvements in thermo-pneumatic temperature regulators, had not been infringed by the appellee. The chief criticism of that opinion by counsel here has been that it is founded upon a mistaken definition or misconception of what constitutes a thermostat. We do not perceive that there was such a misconception, and, if there were, it was not the turning point of the dispute. By force of the specification and drawings of the patent and the concluding terms of each of the claims, of which infringement is alleged, the invention is limited to certain peculiarities of construction and result-

ing functions described, which are not found in the regulators made by the appellee. The thermostat of the appellant is one thing; that of the appellee is another. The differences are so clearly developed in the opinion delivered below that a further discussion is deemed unnecessary. The decree below is affirmed.